**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**THE SAMUEL LAW FIRM**
Michael Samuel (MS 7997)
1441 Broadway
Suite 6085
New York, New York 10018
(212) 563-9884
***michael@samuelandstein.com***

Attorneys for Plaintiff, Individually
and on behalf of all others similarly
situated

| | |
|---|---|
| Emilio Monterroza, on behalf of himself and all other persons similarly situated, | |
| Plaintiffs, | DOCKET NO. _____ |
| - vs. – | **COMPLAINT** |
| EEBI Transportation Corp, P.C. Richard & Son, LLC, and Gerardo A. Martinez, | **COLLECTIVE ACTION** |
| | **CLASS ACTION** |
| Defendants. | |

Plaintiff Emilio Monterroza, by and through his undersigned attorneys, for their complaint against defendants EEBI Transportation Corp, P.C. Richard & Son, LLC, and Gerardo A. Martinez, alleges as follows, on behalf of himself and on behalf of all other persons similarly situated:

## NATURE OF THE ACTION

1.  Plaintiff Emilio Monterroza alleges on behalf of himself and on behalf of other similarly situated current

and former employees of defendants EEBI Transportation Corp, P.C. Richard & Son, LLC, and Gerardo A. Martinez, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are entitled to: (i) compensation for wages paid at less than the statutory minimum wage, (ii) unpaid wages from defendants for overtime work for which they did not receive overtime premium pay as required by law, and (iii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because defendants' violations lacked a good faith basis.

2.    Mr. Monterroza further complains that he is entitled to (i) compensation for wages paid at less than the statutory minimum wage; (ii) back wages for overtime work for which defendants willfully failed to pay overtime premium pay as required by the New York Labor Law ("NYLL") §§ 650 et seq. and the supporting New York State Department of Labor regulations; (iii) unpaid spread-of-hours compensation for shifts worked lasting in excess of 10 hours from start to finish; (iv) liquidated damages pursuant to New York Labor Law for these violations; and (iv) statutory damages for the defendants' violations of the Wage Theft Prevention Act.

2

## **THE PARTIES**

3.   Plaintiff   Emilio   Monterroza   is   an   adult individual residing in Freeport, New York.

4.   Mr. Monterroza consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b); his written consent was previously filed.

5.   Defendant EEBI Transportation Corp, is a domestic corporation organized under the law of the State of New York (hereinafter referred to as "EEBI Transportation") with registered business address at 103-55 97th Street, Queens, New York 11417.

6.   Defendant EEBI Transportation owns and operates a delivery truck service, with a principal place of business at 89-44 162nd Street, #1A, Jamaica, New York 11432.

7.   At   all   relevant   times,   defendant   EEBI Transportation has been an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

8.   Upon   information   and   belief,   at   all   relevant times, defendant EEBI Transportation has had gross revenues in excess of $500,000.00.

9.   Upon   information   and   belief,   at   all   relevant times herein, defendant EEBI Transportation has used goods

and materials produced in interstate commerce, and has employed at least two individuals who handled such goods and materials.

10. Upon information and belief, defendant P.C. Richard Son, LLC ("P.C. Richard") is a New York limited liability company with a principal place of business at 150 Price Parkway, Farmingdale, New York 11735.

11. Defendant P.C. Richard owns and operates a retail home appliance, electronics and computer business.

12. At all relevant times, defendant P.C. Richard has been an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

13. Upon information and belief, at all relevant times, defendant P.C. Richard has had gross revenues in excess of $500,000.00.

14. Upon information and belief, at all relevant times herein, defendant P.C. Richard has used goods and materials produced in interstate commerce, and has employed at least two individuals who handled such goods and materials.

15. Upon information and belief, defendant Gerardo A. Martinez is an owner or part owner and principal of EEBI

Transportation, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

16. Defendant Gerardo A. Martinez was involved in the day-to-day operations of EEBI Transportation and played an active role in managing the business.

17. Defendants constituted "employers" of Mr. Monterroza as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

18. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Mr. Monterroza's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Mr. Monterroza's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

19. This Court has jurisdiction over the state law claims asserted herein pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2).

20. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the defendants' business is located in this district.

5

## COLLECTIVE ACTION ALLEGATIONS

21. Pursuant to 29 U.S.C. § 206 and § 207, Mr. Monterroza seeks to prosecute his FLSA claims as a collective action on behalf of a collective group of persons defined as follows:

> All persons who are or were formerly employed by defendants in the United States at any time since March ___, 2015, to the entry of judgment in this case (the "Collective Action Period"), who were delivery service employees, and who were not paid statutory minimum wages and/or overtime compensation at rates at least one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

22. The Collective Action Members are similarly situated to Mr. Monterroza in that they were employed by the defendants as non-exempt employees, and were denied payment at the statutory minimum wage and/or were denied premium overtime pay for hours worked beyond forty hours in a week.

23. They are further similarly situated in that defendants had a policy and practice of knowingly and willfully refusing to pay them the minimum wage or overtime.

24. Mr. Monterroza and the Collective Action Members perform or performed the same or similar primary duties, and were subjected to the same policies and practices by

6

defendants.

25.  The exact number of such individuals is presently unknown, but is known by defendants and can be ascertained through appropriate discovery.

## CLASS ACTION ALLEGATIONS

26.  Plaintiff brings his NYLL claims pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

27.  All said persons, including Plaintiff, are referred to herein as the "Class."

28.  The Class members are readily ascertainable.  The number and identity of the Class members are determinable from the records of Defendants.  The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants.  Notice can be provided by means permissible under said FRCP 23.

*Numerosity*

29.  The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their Claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are over forty (40) members in the class.

*Commonality*

30.  There are questions of law and fact common the Class which predominate over any questions affecting only individual class members, including:

    a.  Whether Defendants employed Plaintiff and the Class within the meaning of New York law.

    b.  Whether Plaintiff and Class members are paid at least the minimum wage for each hour worked under the New York Labor Law;

    c.  Whether Plaintiff and Class members are entitled to and paid overtime under the New York Labor Law;

    d.  Whether Defendants maintained a policy, pattern and/or practice of failing to pay Plaintiff and

the Rule 23 Class spread-of-hours pay as
required by the New York Labor Law;

e.  Whether Defendants maintained a policy, pattern
    and/or practice of failing to provide requisite
    statutory meal periods;

f.  Whether Defendants provided a Time of Hire
    Notice detailing rates of pay and payday at the
    start of Plaintiff's and the Rule 23 Class's
    start of employment and/or timely thereafter;

g.  Whether Defendants provided paystubs detailing
    full and accurate rates of pay and credits taken
    toward the minimum wage to Plaintiffs and the
    Rule 23 Class on each payday; and

h.  At what common rate, or rates subject to common
    method of calculation was and is Defendants
    required to pay the Class members for their
    work.

***Typicality***

31. Plaintiff's claims are typical of those claims which
could be alleged by any member of the Class, and the relief
sought is typical of the relief that would be sought by
each member of the Class in separate actions.  All the
Class members were subject to the same corporate practices

9

of Defendants, as alleged herein, of failing to pay minimum
wage and/or overtime, and spread-of-hours compensation.
Defendants' corporate wide policies and practices affected
all Class members similarly, and Defendants benefited from
the same type of unfair and/or wrongful acts as to each
Class member.  Plaintiff and other Class members sustained
similar losses, injuries and damages arising from the same
unlawful policies, practices, and procedures.

***Adequacy***

32.  Plaintiff is able to fairly and adequately protect
the

Interests of the Class and has no interests antagonistic to
the Class.  Plaintiff is represented by attorneys who are
experienced and competent representing plaintiffs in both
class action and wage and hour employment litigation cases.

***Superiority***

33.  A class action is superior to other available
methods

for the fair and efficient adjudication of this
controversy, particularly in the context of wage and hour
litigation where individual Class members lack the
financial resources to vigorously prosecute a lawsuit
against corporate defendants.  Class action treatment will

10

permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. Because the losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class members' rights and the disposition of their interest through actions to which they were not parties. The issues

11

in this action can be decided by means of common, class-wide proof.  In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

34.  Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law.  Current employees are often afraid to assert their rights out fear of direct or indirect retaliation.  Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment.  Class actions provide class members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

## FACTS

35.  At all relevant times herein, defendant EEBI Transportation owned and operated a delivery truck service in Queens, New York.

36.  At all relevant times herein, defendant P.C. Richard owned and operated a retail home appliance, electronics and computer business in Farmingdale, New York.

37.  At all relevant times herein, defendant P.C. Richard sub-contracted the delivery of its products to

defendant EEBI Transportation.

38.  Mr.  Monterroza  was  employed  by  the  defendants
from  approximately  October  2018  through  February  2020,  and
again from June 1, 2020 until January 2021.

39.  Mr. Monterroza was employed as a delivery driver.

40.  Mr.  Monterroza's  work  was/is  performed  in  the
normal  course  of  defendants'  business,  was  integrated  into
the  business  of  defendants,  and  did/does  not  involve
executive or administrative responsibilities.

41.  At  all  relevant  times  herein,  Mr.  Monterroza  was
an employee engaged in commerce and/or in the production of
goods  for  commerce,  as  defined  in  the  FLSA  and  its
implementing regulations.

42.  During  his  employment  by  the  defendants  from
October 2018 through February 2020, Mr. Monterroza worked a
regular  schedule  of  six  days  per  week,  Tuesday  through
Sunday as follows: Tuesday, Thursday and Friday from 6 a.m.
until  8  p.m.;  Wednesday  from  6  a.m.  until  6  p.m.;  and
Saturday and Sunday from 6 a.m. until 5 p.m.; with Mondays
off.

43.  As  a  result,  he  was  working  approximately  76
hours per week during his employment by the defendants from
October 2018 through February 2020.

13

44.  During his employment by the defendants from June 2020 until January 2021, Mr. Monterroza worked a regular schedule of six days per week, Tuesday through Sunday as follows: Tuesday through Sunday from 6 a.m. until 10 p.m.; with Mondays off.

45.  As a result, he was working approximately 96 hours per week during his employment by the defendants from June 1, 2020 January 2021.

46.  During the periods of his employment by the defendants from October 2018 through September 2020, Mr. Monterroza was paid a fixed weekly salary of $840 by direct deposit.  During his employment by the defendants from October 2020 until January 2021, he was paid a fixed weekly salary of $900 by direct deposit.

47.  Mr. Monterroza received this amount each week for all hours he worked, regardless of the exact number of hours he worked in a given week.

48.  As a result, Mr. Monterroza's effective rate of pay was sometimes below the statutory New York City minimum wage in effect at relevant times.

49.  Defendants' failure to pay Mr. Monterroza an amount at least equal to the New York City minimum wage in effect during relevant time periods was willful, and lacked

14

a good faith basis.

50. Mr. Monterroza received no paystubs or wage statements of any sort with his pay, but did receive a Form 1099 annually.

51. In addition, the defendants failed to pay Mr. Monterroza any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

52. Defendants' failure to pay Mr. Monterroza the overtime bonus for overtime hours worked was willful, and lacked a good faith basis.

53. Defendants also failed to pay Mr. Monterroza an additional hour's pay at the minimum wage for each day he worked a shift lasting in excess of ten hours from start to finish ("spread-of-hours premium").

54. Defendants' failure to pay Mr. Monterroza the spread-of-hours premium was willful, and lacked a good faith basis.

55. Defendants failed to provide Mr. Monterroza with a written notice providing the information required by the Wage Theft Prevention Act – including, *inter alia*, defendants' contact information, their regular and overtime

15

rates, and intended allowances claimed – and failed to obtain Mr. Monterroza's signature acknowledging the same, either upon his hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

56. Defendants failed to provide Mr. Monterroza with weekly records of his compensation and hours worked, in violation of the Wage Theft Prevention Act.

57. Upon information and belief, throughout the period of Mr. Monterroza's employment, both before that time (throughout the Collective Action and Class Period) and continuing until today, defendants have likewise employed other individuals like Mr. Monterroza (the Collective Action and Class Members) in similar positions that required little skill, no capital investment, and with duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

58. Defendants applied the same employment policies, practices, and procedures to all Collective Action and Class Members, including policies, practices, and procedures with respect to the payment of minimum wages and overtime.

16

59.  Upon  information  and  belief,  Defendants  have
failed  to  pay  these  other  individuals  at  a  rate  at  least
equal  to  the  minimum  wage,  in  violation  of  the  FLSA  and  the
New York Labor Law.

60.  Upon  information  and  belief,  these  other
individuals  have  worked  in  excess  of  forty  hours  per  week,
yet  defendants  have  likewise  failed  to  pay  them  overtime
compensation  of  one-and-one-half  times  their  regular  hourly
rate  in  violation  of  the  FLSA  and  the  New  York  Labor  Law.

61.  Upon  information  and  belief,  these  other
individuals  were  not  provided  with  required  wage  notices  or
weekly  wage  statements  as  specified  in  New  York  Labor  Law
§§ 195.1, 195.3, and the Wage Theft Prevention Act.

62.  Upon  information  and  belief,  while  the  defendants
employed  Mr.  Monterroza  and  the  Collective  Action  and  Class
members,  and  through  all  relevant  time  periods,  the
defendants  failed  to  maintain  accurate  and  sufficient  time
records or provide accurate records to employees.

63.  Upon  information  and  belief,  while  the  defendants
employed  Mr.  Monterroza  and  the  Collective  Action  and  Class
members,  and  through  all  relevant  time  periods,  the
defendants  failed  to  post  or  keep  posted  a  notice
explaining  the  minimum  wage  and  overtime  pay  rights

17

provided by the FLSA or New York Labor Law.

## COUNT I

### (New York Labor Law — Minimum Wage)

64.  Mr. Monterroza, on behalf of himself and all Collective Action and Class Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

65.  At all relevant times, Mr. Monterroza was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

66.  Defendants willfully violated Mr. Monterroza's rights by failing to pay him compensation in excess of the statutory minimum wage in violation of the New York Labor Law §§ 190-199, 652 and their regulations.

67.  Defendants' failure to pay compensation in excess of the statutory minimum wage was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

68.  Due to the defendants' New York Labor Law violations, Mr. Monterroza is entitled to recover from the defendants his unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law

18

§ 198, and § 663(1).

## COUNT II

### (Fair Labor Standards Act - Overtime)

69.  Mr. Monterroza, on behalf of himself and all Collective Action and Class Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

70.  At all relevant times, the defendants employed Mr. Monterroza and each of the Collective Action and Class Members within the meaning of the FLSA.

71.  At all relevant times, the defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per workweek.

72.  As a result of defendants' willful failure to compensate their employees, including Mr.  Monterroza and the Collective Action Members, at a rate at least one-and-one-half times the regular rate of pay for work performed in excess of forty hours per workweek, the defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

73.  The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29

U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

74. Due to the defendants' FLSA violations, Mr. Monterroza, and the Collective Action Members are entitled to recover from the defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**COUNT III**

**(New York Labor Law - Overtime)**

75. Mr. Monterroza, on behalf of himself and all Collective Action and Class Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

76. At all relevant times, Mr. Monterroza was employed by the defendants within the meaning of the New York Labor Law, §§ 2 and 651.

77. Defendants willfully violated Mr. Monterroza's rights by failing to pay him overtime compensation at rates at least one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R. § 146.

20

78.  Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

79.  Due to the defendants' New York Labor Law violations, Mr. Monterroza is entitled to recover from the defendants his unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT IV: New York Labor Law – Spread of Hours

80.  Mr. Monterroza, on behalf of himself and all Collective Action and Class Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

81.  At all relevant times, Mr. Monterozza was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

82.   Defendants   willfully   violated   Mr.   Monterozza's
rights by failing to pay him an additional hour's pay at
the minimum wage for each day he worked a shift lasting in
excess of ten hours from start to finish, in violation of
the New York Labor Law §§ 650 et seq. and its regulations
in 12 N.Y.C.R.R. § 142-2.4.

83.  Defendants' failure to pay the "spread of hours"
premium was willful, and lacked a good faith basis, within
the meaning of New York Labor Law § 198, § 163 and
supporting regulations.

84.   Due to Defendants' New York Labor Law violations,
Mr. Monterozza is entitled to recover from Defendants his
unpaid spread-of-hours compensation, liquidated damages,
interest,   reasonable   attorneys'   fees,   and   costs   and
disbursements of the action, pursuant to New York Labor Law
§ 198, and § 663(1).

## COUNT V

### (New York Labor Law – Wage Theft Prevention Act)

85.  Mr. Monterroza, on behalf of himself and all
Collective Action and Class Members, repeats, realleges,
and incorporates by reference the foregoing allegations as
if set forth fully and again herein.

86. At all relevant times, Mr. Monterroza was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

87. Defendants willfully violated Mr. Monterroza's rights by failing to provide him with the wage notice required by the Wage Theft Prevention Act when they were hired, or at any time thereafter.

88. Defendants willfully violated Mr. Monterroza's rights by failing to provide him with weekly wage statements required by the Wage Theft Prevention Act at any time during his employment.

89. Due to the defendants' New York Labor Law violations relating to the failure to provide paystubs, Mr. Monterroza is entitled to recover from the defendants statutory damages of $250 per day, from October 2018 to January 2021, up to the maximum statutory damages.

90. Due to the defendants' New York Labor Law violations relating to the failure to provide wage notices, Mr. Monterroza is entitled to recover from the defendants statutory damages of $50 per day from October 2018 to January 2021, up to the maximum statutory damages.

23

## **PRAYER FOR RELIEF**

WHEREFORE, Mr. Monterroza respectfully requests that this Court grant the following relief:

a.  Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing Mr. Monterroza and his counsel to represent the Collective Action members;

b.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

c.  An injunction against the defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices,

24

policies, and patterns set forth herein;

d.  A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

e.  Compensatory damages for failure to pay the minimum wage pursuant to New York Labor Law;

f.  An award of liquidated damages as a result of defendants' willful failure to pay the statutory minimum wage, and overtime compensation pursuant to 29 U.S.C. § 216;

g.  Liquidated damages for the defendants' New York Labor Law violations;

h.  Statutory damages for the defendants' violation of the New York Wage Theft Prevention Act;

i.  Back pay;

j.  Punitive damages;

k.  An award of prejudgment and postjudgment interest;

l.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

25

m. Such other, further, and different relief as
this Court deems just and proper.

Dated: March ___, 2021

_____
Michael Samuel (MS 7997)
The Samuel Law Firm
1441 Broadway
Suite 6085
New York, New York 10018
(212) 563-9884
Attorneys for Plaintiff,
*Individually and on behalf of an*
*FLSA collective action*