UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
EMILIO MONTERROZA, on behalf of himself
and all other persons similarly situated,

                                      Plaintiff,

     -against-

EEBI TRANSPORTATION CORP, LIPARI
TRUCKING INC., LIPARI ENTERPRISES INC., FPL
ENTERPRISES, INC., DOUBLE PLAY
TRANSPORTATION INC., FRANK LIPARI, MARIA
LIPARI, AND GERARDO A. MARTINEZ,

                                      Defendants.
-----------------------------------------------------------------X

Case No. 21-cv-01605 (BMC)

## NEGOTIATED SETTLEMENT AGREEMENT

WHEREAS, plaintiffs Emilio Monterroza, Nelson Javier Perez, and Andres Andrade Villacorta (collectively referred to herein as "Plaintiffs"), and Lipari Trucking Inc., Lipari Enterprises Inc., FPL Enterprises Inc., Double Play Transportation Inc., Frank Lipari, and Maria Gugliotta (incorrectly identified in the complaint as Maria Lipari) (each individually and collectively referred to hereinafter as the "Lipari Defendants" and collectively with Plaintiffs, the "Parties"), desire to resolve, settle and agree to dismiss with prejudice any and all claims which Plaintiffs have made against the Lipari Defendants in or by the Complaint ("Complaint") [Dkt. No. 1] in the above-captioned action pending in U.S. District Court for the Eastern District of New York, Case 21-CV-01605 (BMC) (the "Lawsuit") without further litigation or adjudication;

WHEREAS, a dispute exists as to whether the Lipari Defendants were employers of Plaintiff's under the standard for joint employer status as set forth in *Zheng v. Liberty Apparel Co.*, 355 F.3d 61 (2d Cir. 2003); and

WHEREAS, the Parties acknowledge and agree that judicial resolution of the Joint Employer question could result in the Lipari Defendants having joint and several liability to Plaintiffs or no liability at all; and

WHEREAS, Plaintiffs and the Lipari Defendants understand and agree that neither the making of this Negotiated Settlement Agreement ("Agreement") nor anything contained herein shall be construed or considered in any way to be an admission by the Lipari Defendants or any

other person or entity of guilt or noncompliance with any federal, state or local statute, order, regulation or ordinance, public policy, tort law, contract (whether oral or written, express or implied), common law, the Lipari Defendants' employment policies, practices, benefit plans, compensation plans or procedures, or of any other wrongdoing whatsoever; and,

WHEREAS, the claims asserted by Plaintiffs against the Lipari Defendants shall be dismissed in their entirety and with prejudice by the Court pursuant to the Stipulation and Order of Dismissal with Prejudice that shall be executed by counsels for Plaintiffs and the Lipari Defendants, as set forth below:

NOW, THEREFORE, IT IS STIPULATED AND AGREED BY AND BETWEEN THE PARTIES THAT:

1. Definition of Parties.

(a) "Releasors" shall be defined to include the Plaintiffs in this Lawsuit for themselves and on behalf of any of their respective present or former spouse(s), dependents, heirs, assigns, lien holders, fiduciaries, successors, creditors, debtors, and counsel; and,

(b) "Releasees" shall be defined to include the Lipari Defendants herein, and the current and former employees, and any otherwise related persons or entities who Plaintiffs claim or may have claimed employed them within the meaning of the Fair Labor Standards Act ("FLSA") or the New York Labor Law ("NYLL") at any time during their employment with Defendants. For the avoidance of ambiguity, EEBI Transportation Corp., and Gerardo Martinez are not included in the definition of "Releasees" and are not intended beneficiaries of the releases granted by Plaintiffs pursuant to this Agreement.

2. Plaintiffs' Commitments. In exchange for the promises set forth in paragraph "3" below, Plaintiffs agree as follows:

(a) Plaintiffs will sign this Agreement, and authorize their attorneys to execute the Stipulation And Order Of Dismissal With Prejudice attached hereto as Exhibit A;

(b) After consultation with counsel, Plaintiffs knowingly and voluntarily release and forever discharge the Lipari Defendants and all other Releasees of and from any and all claims of any kind arising under the FLSA, NYLL, or any other right to wages and/or record keeping requirements, known or unknown, that they have or may have based upon any conduct occurring up to and including the date Plaintiffs execute this Agreement;

(c) Plaintiffs understand and agree that the Settlement Amount (described in Paragraph "3" below) is in full satisfaction of any and all obligations the Lipari Defendants or

Releasees may have with respect to Plaintiffs' claims for alleged unpaid wages, unpaid overtime, unpaid spread of hours pay, failure to provide any required statements, discrimination, retaliation, liquidated damages, interest and attorneys' fees under the wage and hour provisions of the NYLL, the FLSA, and/or any other applicable wage hour and wage payment laws, rules or regulations for anything that has occurred up to the date each Plaintiff executes this Agreement (collectively referred to as "Wage Claims");

(d) Plaintiffs release, waive, acquit, and forever discharge Releasees from any and all charges, complaints, claims, controversies, demands, rights, disputes, and causes of action, known or unknown, asserted or un-asserted, accrued or not accrued, arising before or existing when this Agreement is executed, which Plaintiffs may have or claim to have against any of the Releasees regarding any matter in connection with their pay, rate(s) of pay, overtime pay, minimum wage violations, spread of hours, Wage Theft Prevention Act violations, recordkeeping violations, as well as any related attorney's fees and/or costs incurred in the prosecution of this litigation, whether claim was made for same or not in the Action.

3. Defendants' Commitments. In exchange for the promises made herein by Plaintiffs contained in Paragraph "2" above, and in the other provisions of this Agreement, Defendants agree as follows:

(a) The Lipari Defendants agree to provide to Plaintiffs and their beneficiaries, through their counsel, the total settlement sum of Eighty-Five Thousand Dollars ($85,000) (the "Settlement Amount") in consideration for and in full satisfaction of all claims identified in Paragraph 2(e) that Plaintiffs have or may have against the Lipari Defendants or any other Releasee, whether known or unknown, asserted or unasserted for any act, omission, transaction or occurrence which has taken place up to and including the date of execution of this Agreement.

(b) No later than 30 calendar days after the Court's entry of an Order approving this Agreement or 21 days after Plaintiffs submit fully executed Form W-4's to the Lipari Defendants' counsel, whichever is later, Defendants shall remit Fifty Thousand ($50,000) Dollars , payable as follows:

(1) Payment in the amount of Five Thousand One- Hundred Twenty Dollars and Eighty-One Cents ($5,120.81) to Plaintiff Monterroza, less applicable withholdings pursuant to Defendants customary payroll practices. This payment represents compensatory damages on account of allegedly unpaid wages. Plaintiff Monterroza will receive a W2 reflecting this payment.

    (2)    Payment in the amount of Five- Thousand One- Hundred Twenty Dollars and Eighty-One Cents ($5,120.81) to Plaintiff Monterroza, representing liquidated damages on account of allegedly unpaid wages. Plaintiff Monterroza will receive an IRS Form 1099 reflecting this payment.

    (3)    Payment in the amount of _Six- Thousand Six- Hundred Forty-Six Dollars and Thirty-Four Cents ($6,646.34) to Plaintiff Perez, less applicable withholdings pursuant to Defendants customary payroll practices. This payment represents compensatory damages on account of allegedly unpaid wages. Plaintiff Perez will receive a W2 reflecting this payment.

    (4)    Payment in the amount of Six- Thousand Six- Hundred Forty-Six Dollars and Thirty-Four Cents ($6,646.34) to Plaintiff Perez, representing liquidated damages on account of allegedly unpaid wages. Plaintiff Perez will receive a IRS Form 1099 reflecting this payment.

    (5)    Payment in the amount of One- Thousand Three- Hundred Sixteen Dollars and Eighteen Cents ($1,316.18) to Plaintiff Villacorta, less applicable withholdings pursuant to Defendants customary payroll practices. This payment represents compensatory damages on account of allegedly unpaid wages. Plaintiff Villacorta will receive a W2 reflecting this payment.

    (6)    Payment in the amount of One- Thousand Three- Hundred Sixteen- Dollars and Eighteen Cents ($1,316.18) to Plaintiff Villacorta, representing liquidated damages on account of allegedly unpaid wages. Plaintiff Villacorta will receive a IRS Form 1099 reflecting this payment.

    (7)    Payment to Plaintiffs' counsel, The Samuel Law Firm in the amount of Twenty-Three Thousand Eight Hundred Thirty-Three and 33/100 Dollars ($23,833.33), representing attorneys' fees and expenses. A Form 1099 shall be issued to Plaintiff' counsel reflecting this payment.

(c) No later than 120 calendar days after the Court's entry of an Order approving this Agreement or 21 days after Plaintiffs submit fully executed Form W-4's to the Lipari Defendants' counsel, whichever is later, Defendants shall remit Thirty-Five Thousand ($35,000) Dollars, payable as follows:

    1.    Payment in the amount of Ten Thousand Dollars ($10,000) to Plaintiff Monterroza, representing statutory damages on account of the Lipari

4

Defendants alleged failure to provide Plaintiff Monterroza with a Wage Theft Protection Notice and accurate paystubs. Plaintiff Monterroza will receive an IRS Form 1099 reflecting this payment.

2. Payment in the amount of Ten Thousand Dollars ($10,000) to Plaintiff Perez, representing statutory damages on account of the Lipari Defendants alleged failure to provide Plaintiff Perez with a Wage Theft Protection Notice and accurate paystubs. Plaintiff Perez will receive an IRS Form 1099 reflecting this payment.

3. Payment in the amount of Ten Thousand Dollars ($10,000) to Plaintiff Villacorta, representing statutory damages on account of the Lipari Defendants alleged failure to provide Plaintiff Villacorta with a Wage Theft Protection Notice and accurate paystubs. Plaintiff Villacorta will receive an IRS Form 1099 reflecting this payment.

4. Payment to Plaintiffs' counsel, The Samuel Law Firm in the amount of Five Thousand Dollars ($5,000.00), representing attorneys' fees and expenses. A Form 1099 shall be issued to Plaintiff' counsel reflecting this payment.

This Court shall retain jurisdiction over this matter, including for the purpose of enforcing any provision of this Agreement, until the Settlement Amount has been fully paid as provided herein.

(d) The Lipari Defendants release, waive, acquit, and forever discharge Plaintiffs from any and all charges, complaints, claims, controversies, demands rights, disputes and causes of action, known or unknown, asserted or un-asserted, accrued or not accrued, arising before or existing when this is Agreement is executed, which Defendants may have or claim to have against any of the Plaintiffs regarding any matter in connection with their pay, rate(s) of pay, overtime pay, minimum wage violations, spread of hours, Wage Theft Prevention Act violations, recordkeeping violations, as well as any related attorney's fees and/or costs incurred in the prosecution of this litigation, whether claim was made for same or not in the Action.

4. Default. Defendant Frank Lipari has executed a Confession of Judgment substantially similar to that annexed hereto as Exhibit A. In the event that the Defendants fail to make the settlement payments in a timely manner pursuant to Paragraph 3 of this Agreement,

5

Plaintiffs shall provide notice of the default by facsimile and email to counsel for the Defendants: David J. Mahoney, Esq., Silverman Acampora, LLP, 100 Jericho Quadrangle, Suite 300, Jericho, New York 11753, Facsimile: (516) 479-6301, dmahoney@silvermanacampora.com. Defendants will then have ten (10) days from the date of receipt of such notice within which to cure the default. If the default is not cured within such time, the Defendants, as of the 11th day following receipt of said notice, shall immediately be obligated to pay to Plaintiffs one hundred fifty percent (150%) of all outstanding payments due under this Agreement (the "Default Amount"). Plaintiffs shall have the right to enforce immediate payment of the Default Amount, including the right to have judgment entered against the Defendants, jointly and severally, as a result of the default, and to recover reasonable attorneys' fees, costs and disbursements incurred in enforcing in Court the payment obligations under this Agreement.

5. <u>Important Acknowledgments.</u> (a) It is further understood and agreed that the Settlement Amount and the other good and valuable consideration provided for herein, are not a mere recital but are the consideration for this Agreement and all terms herein, and the full and final release effected thereby; (b) The Parties represent and warrant that the Settlement Amount is fair, and reasonable and reflects the "all or nothing" nature of the Parties' "Joint Employer" dispute; (c) The Parties represent and warrant that the attorneys' fees portion of the Settlement Amount is fair and reasonable; (d) The Parties represent and warrant that they are entering into this Agreement of their own free will and accord after consultation with their attorneys; (e) The Parties acknowledge that they have jointly prepared this Agreement and that they are executing this Agreement knowingly and voluntarily; (f) Plaintiffs agree that with respect to the wage and hour claims they are waiving, they are waiving not only their right to recover money or other relief in any action that they might institute, individually or collectively, but also that in the event a wage and hour claim is brought on their behalf, individually or jointly, by any other person or entity, before the United States Department of Labor, the New York State Department of Labor, or any other (U.S. or foreign) federal, state, or local governmental agency, department, or court as it relates to the claims released by the Plaintiffs in Paragraph 2 herein, they are waiving their right to recover money or other relief in any such action.

6. <u>Mutual Non-disparagement.</u> Unless required to do so by legal process, the Parties agree not to make, or cause to be made, any disparaging statement, representations, comment, or publication ("Disparaging Statements"), whether orally or in writing, by word or gesture, to any

person whatsoever about the other party, including any of their respective agents, employees, attorneys, insurers, representatives, successors, executors, administrators, and assigns. For purposes of this paragraph, a Disparaging Statement is any communication made for the purpose of directly or indirectly adversely impacting the business or reputation of the person or entity to whom or which the communication relates, provided however that nothing herein shall restrict or otherwise prevent Plaintiffs or the Lipari Defendants from making truthful statements about their experience related to the Lawsuit.

7. <u>Enforceability</u>. If any term or provision of this Agreement is deemed to be unenforceable, or otherwise inconsistent with federal or applicable state law, that term or provision shall be interpreted or modified to the extent necessary to render the term or provision enforceable, or otherwise consistent with federal or state law. If such interpretation or modification is not possible, such term or provision immediately shall become null and void, leaving the remainder of this Agreement in full force and effect. However, if the release of Wage Claims contained herein is limited or held to be null and void, the Lipari Defendants shall have the option of terminating this Agreement.

8. <u>Section Headings</u>. Section headings are used herein for reference only and do not affect the meaning of any provision of this Agreement.

9. <u>Counterparts</u>. This Agreement may be executed in counterparts, each of which shall be deemed an original and each of which shall together constitute one and the same agreement. A signed fax or .pdf copy shall, for all purposes, be deemed an original and in full force and effect.

10. <u>Governing Law.</u> This Agreement shall be governed by and construed in accordance with the laws of the State of New York. Its language shall be construed as a whole, according to its fair meaning, and not strictly for or against either party, regardless as to which party may have drafted the language in question. Any action or proceeding by either of the parties to enforce this Agreement shall be brought in any state court located in the state of New York, Suffolk County. The parties hereby irrevocably submit to the non-exclusive jurisdiction of these courts and waive the defense of inconvenient forum to the maintenance of any action or proceeding in such venue.

11. <u>Advice of Counsel</u>. The parties acknowledge that they have had an opportunity to receive advice about the terms and legal effects of the Agreement from counsel of their choosing. Plaintiffs and the Lipari Defendants hereby represent that they have consulted their attorney(s) about the Agreement before signing it. The parties further acknowledge that they have read this

2796941v1 / 067994.4 / DJM

Agreement in its entirety, that they have had an opportunity to discuss it with counsel, that they understand its terms, that it was translated to them in their native language and that they are fully competent to enter into it, that they have had a reasonable time within which to consider this Agreement and its terms before signing it.

12. <u>Voluntary Agreement</u>. Plaintiffs and the Lipari Defendants agree that they are signing this Agreement of their own free will, without coercion or duress, and voluntarily assent to all the terms and conditions contained herein.

13. <u>Execution</u>.

(a) The terms of this Agreement are the product of mutual negotiation and compromise between Plaintiffs and the Lipari Defendants. Plaintiffs fully understand that this Agreement generally releases, settles, bars, and waives any and all Wage Claims that they possibly could have against Releasees. Plaintiffs further represent that they are fully satisfied with the advice and counsel provided by their attorneys.

(b) Upon the complete execution of this Agreement, Plaintiffs' counsel and the Lipari Defendants' counsel shall sign the Stipulation and Order of Dismissal with Prejudice, and Plaintiff's counsel shall prepare and file an application requesting judicial approval of the Parties' settlement as reflected in this Agreement.

(c) Plaintiffs fully understand the terms of this Agreement.

14. <u>Continuing Jurisdiction.</u> The parties respectfully request that this Court, the United States District Court for the Eastern District of New York, retains jurisdiction to enforce the terms of this settlement until full payment of the Settlement Funds outlined in Paragraph 3 is made in its entirety or in the event of a default of this Agreement by either party.

HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS SET FORTH ABOVE, EACH PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND CONSULTATION WITH THEIR COUNSEL OF RECORD, ENTER INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL WAGE CLAIMS EACH PLAINTIFF HAS OR MIGHT HAVE AGAINST RELEASEES.

*Remainder of Page Intentionally Left Blank*

2796941v1 / 067994.4 / DJM

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Negotiated Settlement Agreement as follows:

**BY PLAINTIFF EMILIO MONTERROZA:**

_____
Emilio Monterroza

STATE OF NEW YORK  )
                   )ss.:
COUNTY OF _____ )

On the ___ day of May, 2022, before me, the undersigned, a notary public in and for the said state, personally appeared Emilio Monterroza, known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual or the person upon behalf of which the individual acted, executed this instrument.

_____
Notary Public

**BY PLAINTIFF NELSON JAVIER PEREZ:**

_____
Nelson Javier Perez

STATE OF NEW YORK  )
                   )ss.:
COUNTY OF _____ )

On the ___ day of May, 2022, before me, the undersigned, a notary public in and for the said state, personally appeared Nelson Javier Perez, known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual or the person upon behalf of which the individual acted, executed this instrument.

_____
Notary Public

**BY PLAINTIFF ANDRES ANDRADE VILLACORTA:**

_____
Andres Andrade Villacorta

STATE OF NEW YORK  )
                   )ss.:
COUNTY OF _____ )

On the ___ day of May, 2022, before me, the undersigned, a notary public in and for the said state, personally appeared Andres Andrade Villacorta, known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual or the person upon behalf of which the individual acted, executed this instrument.

_____
Notary Public

2796941v1 / 067994.4 / DJM

BY DEFENDANT LIPARI TRUCKING INC.

_____
Frank Lipari, as CEO

BY DEFENDANT LIPARI ENTERPRISES INC.

_____
Frank Lipari, as CEO

BY DEFENDANT FPL ENTERPRISES INC.

_____
Frank Lipari, as CEO

BY DEFENDANT DOUBLE PLAY TRANSPORTATION INC.

_____
Frank Lipari, as CEO

BY DEFENDANT LIPARI TRUCKING INC.

_____
Frank Lipari, as CEO

BY DEFENDANT FRANK LIPARI

_____
Frank Lipari

BY DEFENDANT MARIA GUGLIOTTA (Captioned as Maria Lipari)

_____
Maria Gugliotta

2796941v1 / 067994.4 / DJM

EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
EMILIO MONTERROZA, on behalf of himself
and all other persons similarly situated,

                              Plaintiff,

     -against-

EEBI TRANSPORTATION CORP, LIPARI
TRUCKING INC., LIPARI ENTERPRISES INC., FPL
ENTERPRISES, INC., DOUBLE PLAY
TRANSPORTATION INC., FRANK LIPARI, MARIA
LIPARI, AND GERARDO A. MARTINEZ,

                              Defendants.
-----------------------------------------------------------------X

Case No. 21-cv-01605 (BMC)

## STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE

IT IS HEREBY STIPULATED AND AGREED, by and between plaintiffs Emilio Monterroza, Nelson Javier Perez, and Andres Andrade Villacorta (individually and collectively), and Lipari Trucking Inc., Lipari Enterprises Inc., FPL Enterprises, Inc., Double Play Transportation Inc., Frank Lipari, and Maria Gugliotta (identified in the complaint as Maria Lipari) (individually and collectively the "Lipari Defendants"), through their undersigned attorneys who state that they have been authorized to enter into this Stipulation, that the Parties have agreed to amicably resolve any and all claims by Plaintiffs against the Lipari Defendants in this action, including claims under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., and have authorized their undersigned counsel to stipulate, consent, and agree to dismiss all claims for relief against the Lipari Defendants with prejudice to Plaintiff. The terms of the Parties' Negotiated Settlement Agreement have been reviewed and approved by the Court. No attorneys' fees or costs will be awarded to any party by the Court, except as provided therein.

| *Attorneys for Plaintiffs* | *Attorneys for the Lipari Defendants* |
|---|---|
| The Samuel Law Firm | SilvermanAcampora LLP |
| 1441 Broadway, Suite 6085 | 100 Jericho Quadrangle, Suite 300 |
| New York, NY 10018 | Jericho, New York 11753 |
| By: _____ | By: _____ |
|      Michael Samuel |      David J. Mahoney |
| Dated: _____ | Dated: _____ |

The Court hereby approves the settlement and dismissal of the instant action with prejudice.

                SO ORDERED this \_\_\_ day of _____, 2022

                                       _____
                                           United States Judge

EXHIBIT B

2796941v1 / 067994.4 / DJM

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
EMILIO MONTERROZA, on behalf of himself
and all other persons similarly situated,

                                  Plaintiff,

      -against-

EEBI TRANSPORTATION CORP, LIPARI
TRUCKING INC., LIPARI ENTERPRISES INC., FPL
ENTERPRISES, INC., DOUBLE PLAY
TRANSPORTATION INC., FRANK LIPARI, MARIA
LIPARI, AND GERARDO A. MARTINEZ,

                                  Defendants.
-----------------------------------------------------------------X

Case No. 21-cv-01605 (BMC)

**AFFIDAVIT OF CONFESSION OF JUDGMENT**

I, FRANK LIPARI, being duly sworn, deposes and says:

1. I am an individual Defendant and an agent of the corporate defendant Lipari Trucking Inc. (collectively, Frank Lipari and Lipari Trucking, Inc., are referred to herein as "Defendants," in the above action.

2. I reside at 127 Lagoon Boulevard, Massapequa, New York 11758.

3. I, as an individual, hereby confess judgment in this Court in favor of the Plaintiffs for the sum of One Hundred Seventy Thousand Dollars ($170,000.00) in this matter, less double the aggregate amount of any and all payments made in accordance with the amicable resolution of an action between these parties pending in the Eastern District of New York bearing Docket No. 20-CV-1605 (the "Litigation") and hereby authorizes Plaintiffs or their heirs, executors, administrators, or assigns to enter judgment for that sum against FRANK LIPARI.

4. I, as an authorized agent of LIPARI TRUCKING INC., hereby confess judgment in this Court in favor of the Plaintiffs, for sum of One Hundred Seventy Thousand Dollars ($170,000.00) in this matter, less double the aggregate amount of any and all payments made in accordance with

the amicable resolution of an action between these parties pending in the Eastern District of New York bearing Docket No. 20-CV-1605 (the "Litigation") and hereby authorizes Plaintiffs or their heirs, executors, administrators, or assigns to enter judgment for that sum against LIPARI TRUCKING INC.

5. This confession of judgment is for a debt justly due to the Plaintiffs arising out of the following facts:

> Plaintiffs commenced the Litigation pursuant to the Fair Labor Standards Act and the New York Labor Law, alleging that Defendants (as Plaintiffs' joint employer) failed to pay proper overtime wages when Plaintiffs worked over 40 hours in a particular work week. Defendants denied and continue to deny that Plaintiffs were ever employees of Defendants or are in any way entitled to any recovery against Defendants. The Litigation was amicably resolved, by the Defendants agreeing to pay a total of Eighty-Five Thousand Dollars ($85,000.00) pursuant to the following payment schedule:
>
>> a. Within 30 days of the entry of an Order approving the Settlement Agreement, Defendants shall remit payments totaling Fifty Thousand Dollars ($50,000.00).
>>
>> b. Within 120 days of the entry of an Order approving the Settlement Agreement, Defendants shall remit payments totaling Thirty Thousand Dollars ($35,000.00).

6. In the event Defendants are in default of any of the above payments, Plaintiff shall provide Ten (10) calendar days written notice to Defendants via email sent to: Plaintiffs shall provide notice of the default by facsimile and email to counsel for the Defendants: David J. Mahoney, Esq., Silverman Acampora, LLP, 100 Jericho Quadrangle, Suite 300, Jericho, New York 11753, Facsimile: (516) 479-6301, dmahoney@silvermanacampora.com. If Defendants do not cure the defect within seven (7) calendar days of receipt of the notice then all settlement monies owed under this Agreement shall be immediately due in their entirety.

4

8. In the event of such a default and entry of such judgment as described above, Defendants agree to pay and be indebted to Plaintiffs for statutory costs, reasonable attorneys' fees incurred in the process of entering and enforcing the judgment, and interest on the judgment. Defendants shall be jointly and severally liable for the amounts set forth in this Confession of Judgment.

9. This confession of judgment is not for the purpose of securing the plaintiff against a contingent liability, nor is it based upon a consumer credit transaction.

*Frank Lipari*
FRANK LIPARI, as an individual

Date: 5/17/22

Sworn to before me this
22nd day of May, 2022

_____
Notary Public

> David J Mahoney
> NOTARY PUBLIC, STATE OF NEW YORK
> Registration No. 02MA6430779
> Qualified in Nassau County
> Commission Expires 03/21/2026

*Frank Lipari*
FRANK LIPARI, as an agent authorized to execute on behalf of LIPARI TRUCKING INC.

Date: 5/17/22

Sworn to before me this
22nd day of May, 2022

_____
Notary Public

> David J Mahoney
> NOTARY PUBLIC, STATE OF NEW YORK
> Registration No. 02MA6430779
> Qualified in Nassau County
> Commission Expires 03/21/2026